**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 27 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHE' S. COOK; et al., | No. 19-35191 |
| Plaintiffs-Appellants, | D.C. No. 6:18-cv-01085-AA |
| v. | |
| KATE BROWN, in her official capacity as Governor of the State of Oregon; KATY COBA, in her official capacity as Director of the Oregon Department of Administrative Services, | MEMORANDUM[*] |
| Defendants, | |
| and | |
| OREGON AMERICAN FEDERATION OF STATE, COUNTY, AND MUNICIPAL EMPLOYEES COUNCIL 75, | |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Submitted April 20, 2021[**]

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Appellants' request for oral argument, set forth in the opening brief, is denied.

Before: THOMAS, Chief Judge, TASHIMA and SILVERMAN, Circuit Judges.

Che' S. Cook, Clifford H. Elliott, Bethany Harrington, William Lehner, Carmen Lewis, and Trudy Metzger appeal from the district court's summary judgment in their 42 U.S.C. § 1983 action alleging a First Amendment claim arising out of compulsory agency fees (also known as fair share fees) paid to Oregon American Federation of State, County, and Municipal Employees ("AFSCME") Council 75. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Danielson v. Inslee*, 945 F.3d 1096, 1098 (9th Cir. 2019), *cert. denied*, No. 19-1130, 2021 WL 231555 (Jan. 25, 2021). We affirm.

The district court properly granted summary judgment because a public sector union can, as a matter of law, "invoke an affirmative defense of good faith to retrospective monetary liability under section 1983 for the agency fees it collected" prior to the Supreme Court's decision in *Janus v. American Federation of State, County & Municipal Employees, Council 31*, 138 S. Ct. 2448 (2018). *Danielson*, 945 F.3d at 1097-99 ("[P]rivate parties may invoke an affirmative defense of good faith to retrospective monetary liability under 42 U.S.C. § 1983, where they acted in direct reliance on then-binding Supreme Court precedent and presumptively-valid state law.").

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**